IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:07CR266 |
| v. | ) | |
| | ) | |
| JEANETTE BLAND, | ) | |
| | ) | |
| Defendant. | ) | |

CR 07 0670 JSW

FILED
07 OCT 24 AM 10: 25
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N. DIST. OF CALIFORNIA

CONSENT TO TRANSFER OF CASE
FOR PLEA AND SENTENCE

(Under Rule 20)

E-Filing

I, JEANETTE BLAND, defendant, have been informed that an indictment is pending against me in the above designated cause. I wish to plead guilty to the offense charged in Count I, to consent to the disposition of the case in the Northern District of California and to waive trial in the above captioned District.

Dated: _____, 2007 at_____

_____
JEANETTE BLAND
Defendant

_____
Attorney for Defendant

Approved

_____           _____
United States Attorney for the            United States Attorney for the
Northern District of California           District of Nebraska

| U.S. Department of Justice | | Rule 20—Transfer Notice | |
|---|---|---|---|
| To: Allison Danner<br>Assistant U.S. Attorney | District<br>Northern District of California | | Date<br>October 19, 2007 |
| Name of Subject<br>Jeanette Bland | Statute Violated<br>18 U.S.C. 371 | | File Data *(Initials and Number)* |

### Part A—District of Arrest

- ☐ The above-named subject has been apprehended in this jurisdiction and indicates amenability to Rule 20 disposition of the changes pending against him in your district. Kindly indicate whether you are agreeable to Rule 20 disposition and forward two certified copies of indictment or information if any.

- ☐ Enclosed is certified copy of waiver of indictment executed by defendant. Kindly file criminal information and forward two certified copies thereof.

- ☐ Enclosed is Consent to Transfer form executed in duplicate (one copy for your files) by defendant and the United States Attorney in the district of arrest. Kindly add your consent and have the Clerk of your district transmit the papers in the proceedings or certified copies thereof to the Clerk of the Court in this district in accordance with Rule 20. Docket No. _____

- ☐ Other *(Specify):*

- ☐ The above-named defendant entered a plea of guilty under Rule 20.
  **Date of Plea**    **Date of Sentence**    **Sentence**

| From *(Signature and Title)* | Address |
|---|---|
|  |  |

### Part B—District of Offense

- ☒ I am agreeable to Rule 20 disposition.

- ☐ I am not agreeable to Rule 20 disposition. Defendant's appearance is desired at _____ on _____ at _____ o'clock.
  *(Kindly notify me of any anticipated delay.)*

- ☒ Enclosed are two certified copies of indictment or information. Docket No. 8:07CR266

- ☐ Please have defendant execute waiver of indictment.

- ☐ Other *(Specify):*

| Signature *(Name and Title)*<br>Joe W. Stecher, U.S. Attorney | District<br>Nebraska | Date<br>October 19, 2007 |
|---|---|---|

See United States Attorneys Manual 9-14.000 for an explanation of procedures under Rules 7 & 20, Federal Rules of Criminal Procedure.

Replaces OBD-101, Feb. 83 edition may be used

FORM USA-231
NOV. 85

**SEALED**

W____ S____ NP____

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

07 JUL 18 PM 5:25

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 8:07CR 266 |
| ) | |
| Plaintiff, ) | **INDICTMENT** |
| ) | |
| v. ) | 18:U.S.C. § 371 |
| ) | 18 U.S.C. § 1344 |
| PATRICE RAVEN and, ) | 18 U.S.C. § 2 |
| JEANETTE BLAND ) | |
| ) | |
| Defendant. ) | |

The Grand Jury charges:

### COUNT I

At all material times herein, U.S. Bank, was a financial institution, the accounts of which were then insured by the Federal Deposit Insurance Corporation, and maintained branch offices in Omaha, Nebraska.

1. On or about the 28th day of February, 2006, and continuing until on or about the 2nd day of March, 2006, in the District of Nebraska, the defendants PATRICE RAVEN and JEANETTE BLAND, did knowingly and willfully, agree, combine, confederate, and conspire together to commit the following offenses against the laws of the United States:

(a) To knowingly execute, and attempt to execute a scheme and artifice to defraud a financial institution and to obtain monies under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Sections 1344.

2. It was part of the conspiracy that the defendants would obtain prepaid credit cards for which cash advances were allowed only up to the amount of funds paid on deposit with the credit card issuer.

I certify this to be a true copy of
the original record in my custody.

OFFICE OF THE CLERK

By_____
Deputy Clerk

3. The defendants would then enter into a bank and present the prepaid credit card to a bank teller for a cash advance in an amount exceeding that for which was on deposit. After initially being declined for the cash advance, the defendants would then purport to telephone the customer service department for the credit card issuer seeking authorization for the cash advance in excess of funds on deposit.

4. It was further part of the conspiracy that the defendants would then telephone an unknown third party posing as the customer service representative who would then provide verbal authorization for the requested cash advances.

5. In furtherance of the conspiracy and to affect the objects thereof in the District of Nebraska, the defendants PATRICE RAVEN and JEANETTE BLAND, did commit without limitation the following overt acts:

(a) On or about the 28th day of February, 2006, the defendant PATRICE RAVEN, went to a branch of the U.S. Bank in Omaha, Nebraska, and requested a $7,000 cash advance on a prepaid Green Dot Master Card.

(b) On or about the 28th day of February, 2006, the defendant PATRICE RAVEN, to facilitate approval for her requested cash advance at the U.S. Bank in Omaha, Nebraska, represented to a teller at the U.S. Bank that she had called customer service for Green Dot Master Card and that a customer service representative of Green Dot Master Card was on the phone to talk to the U.S. Bank teller for the purpose of authorizing the $7,000 prepaid cash advance.

(c) On or about the 28th day of February, 2006, PATRICE RAVEN, received $7,000 in cash from a branch of the U.S. Bank in Omaha, Nebraska, in furtherance of her requested cash advance on a Green Dot Master Card.

(d) On or about the 28th day of February, 2006, defendant JEANETTE BLAND, accompanied defendant PATRICE RAVEN, to the branch of the U.S. Bank, in Omaha, Nebraska, visited by

PATRICE RAVEN, and aided and advised JEANETTE BLAND, as to how to consummate the transaction.

(e) On or about the 2nd day of March, 2006, the defendant JEANETTE BLAND, went to a branch of the U.S. Bank in Omaha, Nebraska, and requested a $7,000 cash advance on a prepaid Green Dot Master Card.

(f) On or about the 2ND day of March, 2006, the defendant JEANETTE BLAND, to facilitate approval for her requested cash advance at the U.S. Bank in Omaha, Nebraska, represented to a teller at the U.S. Bank that she had called customer service for Green Dot Master Card and that a customer service representative of Green Dot Master Card was on the phone to talk to the U.S. Bank teller for the purpose of authorizing the $7,000 prepaid cash advance.

(g) On or about the 2nd day of March, 2006, JEANETTE BLAND, received $7,000 in cash from a branch of the U.S. Bank in Omaha, Nebraska, in furtherance of her requested cash advance on a Green Dot Master Card.

(h) On or about the 2nd day of March, 2006, defendant PATRICE RAVEN, accompanied defendant JEANETTE BLAND, to the branch of the U.S. Bank, in Omaha, Nebraska, visited by JEANETTE BLAND, and aided and assisted PATRICE RAVEN, in the consummation of the transaction.

All in violation of Title 18. United States Code, Section 371.

## COUNT II

The Grand Jury realleges all of the allegations contained in paragraphs 1 through 5 of this Indictment and further alleges as follows:

1. On or about 28th day of February, 2006, and continuing to and through 2nd day of March, 2006, defendants PATRICE RAVEN and JEANETTE BLAND, devised a scheme and artifice to defraud a branch of the U.S. Bank in Omaha, Nebraska. RAVEN and BLAND,

effectuated their scheme by fraudulently representing to tellers at the U.S. Bank that an unknown third person on the telephone was a customer service representative of the credit card issuer Green Dot and that said customer service representative was prepared to and did authorize cash advances in excess of funds on deposit with Green Dot for each of the defendants prepaid credit cards.

2. On or about the 28th day of February, 2006, in the District of Nebraska, the defendant PATRICE RAVEN, for the purpose of executing and attempting to execute the scheme and artifice to defraud misrepresented the identity of an individual on the telephone as that of a customer service representative for Green Dot Master Card when in fact RAVEN well knew that said individual was not a representative of Greed Dot MasterCard.

In violation of Title 18, United States Code, Section 1344 and 2.

## COUNT III

The Grand Jury realleges all of the allegations contained in paragraphs 1 through 5 of this Indictment and further alleges as follows:

1. On or about 28th day of February, 2006, and continuing to and through 2nd day of March, 2006, defendants PATRICE RAVEN and JEANETTE BLAND, devised a scheme and artifice to defraud a branch of the U.S. Bank in Omaha, Nebraska. RAVEN and BLAND, effectuated their scheme by fraudulently representing to tellers at the U.S. Bank that an unknown third person on the telephone was a customer service representative of the credit card issuer Green Dot and that said customer service representative was prepared to and did authorize cash advances in excess of funds on deposit with Green Dot for each of the defendants prepaid credit cards.

2. On or about the 28th day of February, 2006, in the District of Nebraska, the defendant JEANETTE BLAND, for the purpose of executing and attempting to execute the scheme and

-4-

artifice to defraud misrepresented the identity of an individual on the telephone as that of a customer service representative for Green Dot Master Card when in fact BLAND well knew that said individual was not a representative of Green Dot MasterCard.

In violation of Title 18, United States Code, Section 1344 and 2.

A TRUE BILL

▬▬▬▬▬▬▬
FOREPERSON

*(signature)*
JOE W. STECHER
United States Attorney

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

*(signature)*
FREDERICK D. FRANKLIN
Assistant U.S. Attorney