1  JOSEPH P. RUSSONIELLO (CASBN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CASBN 163973)
3  Chief, Criminal Division

4  ALLISON MARSTON DANNER (CASBN 195046)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102
      Telephone:  (415) 436-7144
7     Fax:  (415) 436-7234
      Email: allison.danner@usdoj.gov
8
   Attorneys for the United States of America
9

10                UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,          )    No. CR 07-0670-01 JSW
                                       )
15       Plaintiff,                    )    UNITED STATES' SENTENCING
                                       )    MEMORANDUM
16    v.                               )
                                       )    Date:  March 6, 2008
17  JEANETTE BLAND,                    )    Time:  2:30 p.m.
                                       )
18       Defendant.                    )
    _____)
19

20       Defendant Jeanette Bland has pleaded guilty to a single count of conspiracy to commit

21  bank fraud, in violation of 18 U.S.C. § 371, pursuant to Rule 11(c)(1)(C) of the Federal Rules of

22  Criminal Procedure.  She is scheduled to be sentenced by this Court on March 6, 2008.  The

23  United States respectfully requests that this Court sentence defendant to 3 years of probation, no

24  fine, $11,965 in restitution, to be paid jointly and severally with Patrice Raven, defendant in

25  CR 07-0671 JSW, and a $100 special assessment.

26  A.    The Applicable Sentencing Range Under the Guidelines is 0-6 Months.

27       Under the advisory Sentencing Guidelines, defendant's base offense level for the instant

28  offense is 6.  U.S.S.G. § 2X1.1(a) (cross-referencing U.S.S.G. § 2B1.1).  The loss in the case was

UNITED STATES' SENTENCING MEMORANDUM
CR 07-0422 MMC                              -1-

1  between $10,000 and $30,000, which results in an increase of four levels to the base offense

2  level. U.S.S.G. § 2B1.1(b)(1)(C). Defendant receives a two-point deduction for acceptance of

3  responsibility, U.S.S.G. § 3E1.1(a). These calculations result in an offense level of 8. As

4  calculated by the Probation Office, defendant's criminal history category results in 1 criminal

5  history point, which places her in criminal history category I under the Sentencing Guidelines.

6  U.S. Sentencing Guidelines Manual ch. 5, pt. A. Combining these figures yields a sentencing

7  range of 0-6 months under the guidelines. *Id.* As defendant's guideline range falls within Zone

8  A of the Sentencing Table, a sentence of imprisonment is not required. U.S.S.G. § 5C1.1(b).

9  B.    A Sentence of 3 Years of Probation is Reasonable in This Case.

10       The United States urges this Court to accept the sentence agreed upon in the plea

11  agreement and recommended by the Probation Office. Such a sentence is substantively

12  reasonable and is well supported by the nature of the offense and the history and characteristics

13  of the defendant. 18 U.S.C. § 3553(a). Defendant wilfully defrauded four banks. This

14  recidivism merits a significant penalty, which the United States believes a federal felony

15  conviction provides.

16       On the other hand, defendant has no history of criminal violence. She has expressed

17  remorse for the crime and has stated that she intends to repay the stolen funds. (PSR ¶ 24.)

18  Defendant is currently employed in a position working with individuals with mental disabilities.

19  (PSR ¶ 50.) In addition, she has recently secured her high school diploma. (PSR ¶ 51.) A

20  probation sentence will afford defendant an opportunity to pursue the lawful path that such

21  achievements suggest while at the same time ensuring that she remains under close supervision.

22  The United States Attorney's Office in Nebraska, which originally charged this case, as well as

23  the case agent who led the investigation, concur in this sentence. Indeed, the Assistant United

24  States Attorney in Nebraska responsible for this case negotiated this agreement with defendant

25  and believes it is substantively reasonable for the reasons set forth above.

26

27

28

UNITED STATES' SENTENCING MEMORANDUM
CR 07-0422 MMC                              -2-

C.      The United States Respectfully Requests that this Court Order that Defendant is Jointly and Severally Liable for $11,965 in Restitution.

When the parties negotiated the plea agreement in this case, they believed that the relevant banks had suffered an actual loss of $21,000.  Since the United States had already recovered $16,035; $4,965.00 remained to be paid in restitution.  The plea agreement, therefore, named this amount as the restutionary figure.  (Plea Agreement at ¶ 2.)  The Probation Officer's investigation, however, revealed that the banks suffered an actual loss of $28,000, leaving $11,965 to be paid in restitution.

Both parties agree that $11,965 is the correct figure for restitution, and the United States consents to a modification of the terms of the plea agreement to reflect this amount.  The United States respectfully requests that this Court order defendant Bland to pay $11,965 in restitution, to be paid jointly and severally with Patrice Raven, defendant in CR 07-0671 JSW.

For the reasons set forth above, the United States respectfully requests that this Court sentence defendant to 3 years of probation, no fine, $11,965 in restitution, to be paid jointly and severally with Patrice Raven, defendant in CR 07-0671 JSW, and a $100 special assessment.

DATED: February 28, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

ALLISON MARSTON DANNER
Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 07-0422 MMC                              -3-