**BRIAN P. BERSON, ESQ.**
235 Montgomery St., Suite 625
San Francisco, CA 94104
California State Bar No. 130249
Telephone No.:(415)788-2707
Facsimile No.:(415)392-5275

Counsel for Defendant **JEANETTE BLAND**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>JEANETTE BLAND,<br><br>　　　　　　　　Defendant. | NO. CR-07-0670-JSW<br><br>**DEFENDANT JEANETTE BLAND'S SENTENCING MEMORANDUM** |

INTRODUCTION

Defendant Jeanette Bland, through undersigned counsel, hereby submits this memorandum regarding her sentencing, currently set to occur on March 6, 2008 at 2:30 p.m.

We have no objection to the recommended sentence in the pre-sentence report (PSR). In fact, we are grateful that neither the U.S. Attorney's Office nor the U.S. Probation Office are recommending time in custody and we (obviously) hope the Court agrees with and will follow the recommendation.

The Court may have noted that the restitution figure is $7,000.00 larger than the figure included in the plea agreement.

1

The PSR's figure is correct. We apologize for the discrepancy. We reviewed approximately 150 pages of law-enforcement reports in the discovery transmitted by the Nebraska U.S. Attorney's Office. Those reports were, frankly, somewhat confusing regarding both the attempted and actual loss amounts. All of the banks were U.S. Banks. At least one was entered twice on the same day by either or both defendants. When counsel received the draft plea agreement from the Nebraska federal prosecutor, counsel was able to verify that at least the amounts contained in the plea agreement were verifiable and readily provable.

After receiving the draft PSR, the higher restitution figure than that which was contained in the plea agreement was noted by counsel. Discovery was re-reviewed and further discussions with AUSA Franklin (the Nebraska federal prosecutor) and U.S.P.O. Sparks ensued. The parties came to the conclusion that the PSR's restitution figure was correct. Admittedly, a mistake was made; however, there was no intent to mislead the Court.

Our one objection is a minor one, referred to in the PSR's addendum. The listing of Ms. Bland's full name as an "alias," we believe, is misleading. According to Webster's Ninth New Collegiate Dictionary, "alias" means "otherwise called," "otherwise known as," or "an assumed or additional name." In counsel's experience, "alias" has a negative connotation, implicitly meaning a false name used to fool people. We have no objection to including Ms. Bland's full name in the PSR. We

simply ask that it be listed as "full name" instead of an "alias." This would seem to satisfy the U.S.P.O.'s rationale for including Ms. Bland's full name in that it "ensures that appropriate authorities are aware of all names that the defendant has used, and avoids unnecessary confusion in the future."

DETAINERS

Two detainers are noted in the PSR. PSR ¶43 notes that, regarding one of them, the Iowa "warrant remains in effect and relates to conduct described in the instant offense."

Counsel has had a number of communications with the Iowa authorities and with the Nebraska AUSA, Fred Franklin, regarding this warrant. Counsel has also reviewed the original Council Bluffs, Iowa incident and supplemental investigative reports that led to the warrant. There is little or no doubt that the Iowa warrant is based on the same March 1, 2006 fraudulent $7,000.00 cash advance described in PSR ¶16 and is covered by the plea agreement and anticipated restitution order in this case. Counsel has written the Assistant District Attorney involved in the Council Bluffs prosecution, advised her of these circumstances, and will again contact the prosecutor following this Court's sentence. In view of the informal double jeopardy policy followed by most local jurisdictions when a case is picked up by federal authorities, we expect this matter to be dismissed.

As to the other detainer, counsel has also contacted the North Las Vegas clerk's office and the North Las Vegas Public

...

Defender's office. Shortly after Ms. Bland is sentenced in this federal case, counsel will assist Ms. Bland in dealing with the North Las Vegas matter.

## CONCLUSION

For the foregoing reasons, we respectfully ask the Court to impose the sentence recommended in the PSR. In the event that an extra supervised release condition is needed to allow Ms. Bland to travel to deal with the detainers, we request that this condition be made a part of the sentence.

Respectfully Submitted,

_____
BRIAN P. BERSON
ATTORNEY FOR JEANETTE BLAND

4