**BRIAN P. BERSON, ESQ.**
235 Montgomery St., Suite 625
San Francisco, CA 94104
California State Bar No. 130249
Telephone No.:(415)788-2707
Facsimile No.:(415)392-5275

Counsel for Defendant **JEANETTE BLAND**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR-07-0670-JSW |
| | ) |
| | ) **JEANETTE BLAND'S** |
| Plaintiff, | ) **SUPPLEMENTAL SENTENCING** |
| vs. | ) **MEMORANDUM** |
| | ) |
| JEANETTE BLAND, | ) |
| | ) |
| Defendant. | ) |
| | ) |

INTRODUCTION AND PROCEEDINGS BELOW

    This case was originally set for sentencing on March 6, 2008
after a guilty plea based on an anticipated negotiated disposition
pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal
Procedure.

    Paragraph 8 of the plea agreement called for the following
disposition: 3 years of probation (with conditions to be fixed by
the Court), no fine, $100.00 special assessment, and $4,165.00 in
restitution.  In preparing the PSR, USPO Sparks discovered that
the restitution amount had been incorrectly calculated by the

1

1    parties and that the correct figure was $11,965.00.  Both parties

2    subsequently agreed with the USPO's calculations.

3        On March 6, 2008, the Court advised the parties that it would

4    not follow the plea agreement's negotiated disposition.  The

5    Court, to undersigned counsel's recollection, stated that, in its

6    view, a combination of jail time and half-way house or home-

7    electronic monitoring-enforced house arrest was an appropriate

8    disposition.  The case was continued to March 20, 2008, and the

9

10   parties were expected to determine how to proceed by that date.

11       On March 18, 2008, Ms. Bland submitted a status memorandum

12   advising the Court that she intended to withdraw her guilty plea,

13   as was her right under Rule 11(c)(1)(C), rather than to proceed

14   with sentencing, given the Court's rejection of the plea

15   agreement.  The withdrawal of the plea would result in the case

16   being transferred back to Nebraska to start anew.

17

18        However, after filing the status memorandum, undersigned

19   counsel was able to obtain confirmation that Ms. Bland had in fact

20   served local jail time in Nebraska of approximately 24 days, with

21   credit for at least 30 days in county jail, and that this jail

22   time was related to the same conduct that she pleaded guilty to

23   and was awaiting sentencing on in this case. Exhibit A, attached.

24

25   At the March 20 hearing, Ms. Bland's counsel inquired of the Court

26   as to whether, if several weeks of actual jail custody had in fact

27   been served by Ms. Bland in relation to this case, the Court would

28   change its view of the plea agreement.

29

The Court advised the parties that it wanted concrete proof of the jail time and that it was for the same conduct involved in the present case.  With that confirmation, the Court would then consider a sentence involving home electronic monitoring as a condition of probation.  The Court directed the parties to further confer and investigate the jail time issue.  The case was continued to April 3, 2008 for further proceedings.

CONFIRMATION OF JAIL TIME

On March 21, 2008, AUSA Danner wrote the court with verification that Ms. Bland served jail custody time "at the Douglas County Correctional Facility in Nebraska from March 7, 2006 through March 30, 2006 … to answer to the charge of theft by deception under Nebraska law.  The conduct underlying that charge is the same conduct underlying the charge in the above-captioned case… [T]his case was eventually dismissed."  Exhibit B, attached.

On March 24, 2008, undersigned counsel spoke by telephone with Secret Service Special Agent Matt Loux, the original case agent in this Federal Case.  Agent Loux confirmed that Ms. Bland was arrested for the conduct in this case on March 2, 2007 and that she was in Omaha Police Department custody from March 2 to March 7, 2007 when she was brought to the Douglas County facility. AUSA Danner independently confirmed the information with Agent Loux. Exhibit C, attached.

In view of the above, we can now state to the Court with absolute certainty that Ms. Bland served jail time from March 2 to

In view of the above, we can now state to the Court with absolute certainty that Ms. Bland served jail time from March 2 to March 30, 2006 in relation to the conduct to which she pleaded guilty in this case. However, as the Court is aware, the federal Bureau of Prisons will not give Ms. Bland credit for that jail time should the Court sentence Ms. Bland to jail with credit for time served. The Bureau of Prisons (BOP) only awards credit for time served in actual federal custody.

Regardless of BOP policy, the parties and the Court now have confirmation that Ms. Bland served almost one month of actual jail time in relation to this case. If this is equal or more than the amount of jail time that the Court deemed necessary to serve the purposes of sentencing in this case, the Court could sentence Ms. Bland according to the terms of the plea agreement by imposing a home electronic monitoring or half-way house condition as a term of probation. The plea agreement specifically calls for 3 years of probation "with conditions to be fixed by the Court …" Plea Agreement, ¶8.

Based on the foregoing discussion of evidence that subsequently came to light, Ms. Bland requests this Court to reassess its previous rejection of the plea agreement. Ms. Bland further requests that the Court follow the recommendation contained not only in the plea agreement but in the PSR and, in addition, to fix a set period of home electronic monitoring during which time Ms. Bland should be permitted to work and travel as

1    necessary regarding the detainers, as addressed in Ms. Bland's
2    original Sentencing Memorandum.  We further request that the Court
3    specify that any financial obligation on Ms. Bland's part to pay
4    for the electronic monitoring be done on a sliding scale basis to
5    be determined by her supervising probation officer, based on Ms.
6    Bland income and necessary expenses.
7
8
9
10                                   Respectfully Submitted,
11   Date: 3/27/08
12                                   BRIAN P. BERSON
                                     ATTORNEY FOR JEANETTE BLAND
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29